The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sandra Brooks

**DEFENDANTS**
Cenlar FSB, a subsidiary of Cellar Capital Corporation

(b) County of Residence of First Listed Plaintiff: c/o Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 905, Philadelphia Pa 19110 (215)

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1981

Brief description of cause:
Employment discrimination - race

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: NONE
DOCKET NUMBER: _____

DATE: 8/2/2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature] Robert T Vance Jr*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Philadelphia, Pennsylvania__

Address of Defendant: __Trenton, New Jersey__

Place of Accident, Incident or Transaction: __Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: __None__    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __August 2, 2021__    *(signature)* Attorney-at-Law / Pro Se Plaintiff    __37692__ Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Robert T Vance Jr__, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __August 2, 2021__   *(signature)* Attorney-at-Law / Pro Se Plaintiff    __37692__ Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**United States District Court for the Eastern District of Pennsylvania**

| | | |
|---|---|---|
| Sandra Brooks | : | |
| | : | |
| vs | : | Civil Action No. |
| | : | Jury Trial Demanded |
| Cenlar FSB, a subsidiary of Cenlar Capital Corporation | : : | |

## *Complaint*

Plaintiff, Sandra Brooks, brings a series of claims against Defendant, Cenlar FSB, a subsidiary of Cenlar Capital Corporation, of which the following is a statement:

### *Jurisdiction and Venue*

1. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331and 1343, this action being brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991). The Court has jurisdiction over Ms. Brooks's state law claim pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this case occurred in this judicial district.

### *The Parties*

3. Plaintiff, Sandra Brooks, is an African-American female citizen of the United States and a resident of this judicial district.

4. Defendant Cenlar FSB is a subsidiary of Cenlar Capital Corporation. Cenlar Capital Corporation is a savings and loan holding company that offers banking services. Cenlar FSB provides residential mortgage loan services, as well as central loan administration and

reporting services. Cenlar Capital Corporation was incorporated and has its headquarters in New Jersey. Cenlar FSB maintains offices in Yardley, Pennsylvania and Trenton, New Jersey.

5. At all times relevant to this action, defendant was an "employer" within the meaning of Section 1981 and applicable state law.

6. The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business.

## *Background Facts*

7. Defendant hired Ms. Brooks in or about February 2017 as a Quality Assurance Analyst. In October 2019, Ms. Brooks accepted her current position, Employee Relations Coordinator, but without a salary increase. At all times relevant to this Complaint, Ms. Brooks was an excellent employee.

8. After that promotion, Ms. Brooks sought numerous other promotions for which she was qualified. However, defendant failed to promote her to every position she applied for because it systemically discriminates against Blacks and prefers White employees in key positions and pursuant to its pattern and practice of refusing to select Blacks for promotions. The positions Ms. Brooks applied for, and as to which defendant refused to select her because of her race, are the following:

      a. Client Manager
      b. Operations Business Analyst
      c. Change Control Coordinator
      d. Policy, Program and Procedure Writer
      e. Process Engineer
      f. Project Manager

In each case, defendant selected a White candidate for the position.

2

9. On or about February 19, 2021, Ms. Brooks applied for the position of Client Manager. Ms. Brooks was qualified for the position. Matthew Detweiller, a White male and one of defendant's management employees, was the Hiring Manager for the position.

10. Despite the fact that she was qualified for the position, Mr. Detweiller refused to interview Ms. Brooks for the position, without providing to the internal recruiter assigned to the position any specific reason for his decision. Mr. Detweiller selected a White female for the position.

11. Mr. Detweiller refused to interview Ms. Brooks for the Client Manager position and refused to select her for that position because of her race and pursuant to defendant's history, pattern and practice of failing to select Blacks for key positions.

12. On or about February 19, 2021, Ms. Brooks applied for the position of Operations Business Analyst. Ms. Brooks was qualified for the position. William Moffett, a White male and one of defendant's management employees, was the Hiring Manager for the position.

13. Despite the fact that she was qualified for the position, Mr. Moffett refused to interview Ms. Brooks for the position, without providing to the internal recruiter assigned to the position any specific reason for his decision. On information and belief, Mr. Moffett selected a non-Black candidate for the position.

14. Mr. Moffett refused to interview Ms. Brooks for the Operations Business Analyst position and refused to select her for that position because of her race and pursuant to defendant's history, pattern and practice of failing to select Blacks for key positions.

15. In February 2021, Ms. Brooks applied for three (3) positions: Change Control Coordinator, Process Engineer, and Policy, Program and Procedure Writer. Ms. Brooks was

qualified for each of these positions. Alyson Keisel, a White female and one of defendant's management employees, was the Hiring Manager for the positions.

16. Ms. Keisel interviewed Ms. Brooks simultaneously for the positions and instructed Ms. Brooks to select the position she was most interested in obtaining. Ms. Brooks chose the Change Control Coordinator position and informed the internal recruiter of her choice. The internal recruiter then told Ms. Brooks that Ms. Keisel believed she was best-suited for the Policy, Program and Procedure Writer position, so Ms. Brooks told the internal recruiter that she would accept Ms. Keisel's suggestion and seek that position.

17. Ms. Brooks was interviewed by the Supervisor of the Policy, Program and Procedure Writer position and believed the interview went well.

18. Defendant never contacted Ms. Brooks about any of the three (3) positions after her interview. However, Ms. Brooks later learned that defendant selected White females for the Policy, Program and Procedure Writer position and the Change Control Coordinator position, but did not select anyone for the Process Engineer position.

19. Defendant refused to select Ms. Brooks for any of the three (3) positions because of her race and pursuant to its history, pattern and practice of failing to select Blacks for key positions.

20. On April 1, 2021, at the suggestion of a Human Resources Advisor/Recruiter, Ms. Brooks applied for the position of Project Manager. Ms. Brooks submitted her resume to the HR Advisor/Recruiter who suggested she apply for the position. In response to inquiries about her resume from the Designated Recruiter, Ms. Brooks revised her resume and returned it to the Designated Recruiter, who told Ms. Brooks that she would give it to the Hiring Manager for the

4

position. Subsequently, Ms. Brooks was never contacted by the Designated Recruiter about the position and was not interviewed for the position.

21. Defendant refused to interview Ms. Brooks for the Project Manager position and refused to select her for the position because of her race and pursuant to its history, pattern and practice of failing to select Blacks for key positions.

22. Each of the positions Ms. Brooks applied for was at a higher salary grade than her then-current salary grade, and had she been selected for any of the positions, her compensation would have significantly increased.

23. Ms. Brooks has suffered, is now suffering and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendant's discrimination.

24. Defendant discriminated against Ms. Brooks because of her race and pursuant to its history, pattern and practice of failing to select Blacks for key positions.

25. By reason of defendant's discrimination, Ms. Brooks suffered extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

26. Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Ms. Brooks's rights.

### *Count I*

### *The Civil Rights Act of 1866, 42 U.S.C. §1981*

27. Plaintiff restates and realleges paragraphs 1-26, inclusive, as though set forth here in full.

28. Ms. Brooks had a federal statutory right under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as amended, to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

29. Defendant's conduct described above deprived Ms. Brooks of the rights, privileges and immunities guaranteed to him under Section 1981.

30. By reason of defendant's conduct, Ms. Brooks is entitled to all legal and equitable relief available under Section 1981.

### Count II

### *Intentional Infliction of Emotional Distress*

31. Plaintiff restates and realleges paragraphs 1-30, inclusive, as though set forth here in full.

32. Defendant knew, or in the exercise of reasonable care, should have known, that its conduct described above would cause, and did cause, Ms. Brooks mental distress, and was so extreme so as to exceed all bounds that are usually tolerated in a decent and civilized society.

33. Defendant's extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Ms. Brooks.

34. As a direct and proximate result of the acts and conduct described above, Ms. Brooks suffered actual damages, including loss of earnings and future earning capacity, emotional distress, mental anguish, humiliation and embarrassment, attorney's fees and costs.

35. The acts of defendant described above were willful, wanton, malicious, intentional, oppressive and done in willful and conscious disregard of the rights and welfare of Ms. Brooks, thereby justifying an award of punitive damages.

### *Jury Demand*

36. Ms. Brooks hereby demands a trial by jury as to all issues so triable.

### *Prayer for Relief*

Wherefore, Plaintiff, Sandra Brooks, respectfully prays that the Court:

a. adjudge, decree and declare that defendant has engaged in illegal race discrimination, and that the actions and practices of defendant complained of herein are violative of her rights under Section 1981;

b. order defendant to provide appropriate job relief to Ms. Brooks, including immediate promotion;

c. enter judgment in favor of Ms. Brooks and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, reinstatement, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d. order defendant to pay the attorney's fees, costs, expenses and expert witness fees of Ms. Brooks associated with this case;

e. grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

f. retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full

compliance with the law.

_____
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street - Suite 905
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Sandra Brooks*